UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDGARDO NIEVES,                                                    Civil Action No.

                Plaintiff,

  -against-

MENDOZA AUTO REPAIR, INC. and
JOSE CERDA,

                Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, EDGARDO NIEVES (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, MENDOZA AUTO REPAIR, INC. and JOSE CERDA (hereinafter, "Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation, minimum wages, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as an automobile mechanic from on or about April 2014 until on or about October 2014, and again from April 7, 2015 until on or about March 29, 2016.

6. Defendant MENDOZA AUTO REPAIR, INC. (hereinafter, "Mendoza Auto") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Mendoza Auto operates or has operated an automobile repair shop located at 480 Marconi Boulevard, Copiague, New York 11726.

8. Upon information and belief, Defendant JOSE CERDA (hereinafter, "Cerda") is a resident of the State of New York.

9. At all relevant times, Defendant Cerda was and still is an officer of Defendant Mendoza Auto. Upon information and belief, at all times relevant, Cerda exercised operational control over Mendoza Auto, controlled significant business functions of Mendoza Auto, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Mendoza Auto in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Cerda has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. At all times relevant to this action, Plaintiff was employed as an automobile mechanic for the benefit of and at the direction of Defendants at their automobile repair shop located at 480 Marconi Boulevard, Copiague, New York 11726.

11.     Plaintiff's responsibilities included replacing motors, brakes, radiators, and front end chassis on automobiles, performing oil changes, performing body repair on automobiles, cleaning the repair shop, and answering the telephones.

12.     During his employment, Plaintiff worked six days per week, Monday through Saturday, from 7:30 a.m. until at least 9:30 p.m. Occasionally, Plaintiff worked until 10:30 p.m.

13.     During his employment, Plaintiff worked 84 hours per week.

14.     During his employment, Plaintiff received and took one 15-minute lunch break per day. Plaintiff never received and never took any uninterrupted meal breaks longer than fifteen minutes.

15.     During his employment, Defendants paid Plaintiff $200.00 per week.

16.     During his employment, Defendants paid Plaintiff in cash on a weekly basis.

17.     During his employment, Defendants did not pay Plaintiff minimum wages pursuant to the requirements of the FLSA or the NYLL.

18.     During his employment, Defendants did not pay Plaintiff overtime compensation.

19.     During his employment, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

20.     During his employment, Plaintiff's shifts exceeded a ten (10) hour spread each day that he worked.

21. During his employment, Defendants never paid Plaintiff spread of hours compensation for any day in which Plaintiff's hours were spread beyond ten (10) hours in a day.

22. During his employment, Defendants did not require Plaintiff to clock in or out of any of his shifts.

23. During his employment, Defendants did not record the hours Plaintiff worked each day and each week.

24. During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

25. During his employment, Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3).

26. Defendants did not give Plaintiff a cash receipt or a paystub during any week of his employment.

27. Defendants managed Plaintiff's employment, including the amount of overtime worked.

28. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. Defendant Cerda participated in the decision to hire Plaintiff.

30. Defendant Cerda participated in the daily supervision of Plaintiff's duties.

31. Defendant Cerda participated in setting Plaintiff's work schedule.

32. Defendant Cerda participated in deciding the manner in which Plaintiff was paid during his employment.

33. Defendant Cerda participated in running the day-to-day operations of Mendoza Auto during Plaintiff's employment.

34. Defendant Cerda participated in deciding the hours that Plaintiff worked each week during his employment.

35. Defendant Cerda participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

36. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

37. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

38. During his employment, Plaintiff was not exempt from the overtime or minimum wage provisions of the FLSA or the NYLL because, inter alia, he did not meet the weekly salary threshold.

## COUNT I
## FLSA Overtime Violation

39. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

40. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

41. Defendant Mendoza Auto was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

42. Upon information and belief, the gross annual volume of sales made or business done by Defendant Mendoza Auto for the years 2016, 2015, and 2014 was not less than $500,000.00.

43. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as an automobile mechanic.

44. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

45. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

46. By the above-alleged conduct, Defendants violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

47. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

48. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions.

49. Defendants acted willfully and either knew that their conduct violated the FLSA or showed reckless disregard for the matter of whether their conduct violated the FLSA.

50. Defendants did not act in good faith with respect to the conduct alleged herein.

51. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

55. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

56. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

57. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

58. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants did not act in good faith with respect to the conduct alleged herein.

59. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## FLSA Minimum Wage Claim

60. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

62. Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

63. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

64. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
### NYLL Minimum Wage Claim

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. At all relevant times to this action, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

67. At all relevant times, Plaintiff has been covered by the NYLL.

68. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

69. As set forth herein, Defendants regularly and routinely failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

70. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

71. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be

determined at trial and is entitled to recover from Defendants his unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
### NYLL Violation – Failure to Provide Wage Notices

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

74. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

75. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## NYLL Violation – Failure to Provide Wage Statements

76. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VII
## NYLL Spread of Hours Claim

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Plaintiff's shifts were spread beyond ten (10) hours per day each work day during his employment.

82. Defendants never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

83. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

84. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A. Declare and find that the Defendants committed one or more of the following acts:

        1. Violated provisions of the FLSA by failing to pay overtime and minimum wages to Plaintiff;

        2. Willfully violated the overtime and minimum wage provisions of the FLSA;

        3. Violated the provisions of the NYLL by failing to pay overtime and minimum wages to Plaintiff;

        4. Willfully violated the overtime and minimum wage provisions of the NYLL;

        5. Violated the wage notice, wage statements, and spread of hours requirements of the NYLL;

B.  Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.  Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.  Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 5, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in Nieves Edgardo v. Mendoza Auto Repair et. al. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
      Wednesday, March 01, 2017

_____
Edgardo Nieves